```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
TRUSTEES OF THE NEW YORK HOTEL TRADES COUNCIL AND HOTEL ASSOCIATION OF NEW YORK CITY, INC. HEALTH BENEFITS FUND, PENSION FUND, LEGAL FUND, INDUSTRY TRAINING FUND AND SCHOLARSHIP FUND,

                      Petitioners,

        -against-

123 WASHINGTON LLC,

                      Respondent.
-------------------------------------------------------------- X

24-CV-9322 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       Petitioners, trustees for various employee benefit funds, seek confirmation of an arbitration award entered against Respondent 123 Washington LLC pursuant to Section 301 of the Labor Management Relations Act ("LRMA"), 29 U.S.C. § 185, and an award of pre- and post-judgment interest. Respondent has not appeared to oppose the Petition. The Petition is GRANTED.

## BACKGROUND

       Respondent, a hotel owner, is bound by a collective bargaining agreement known as the Industry Wide Agreement ("IWA") between the Hotel and Gaming Trades Council, AFL-CIO, and the Hotel Association of New York City, Inc., covering the period from July 1, 2012, through June 30, 2026. Pet., Dkt. 1, ¶¶ 5–6; Pet. Exs. A–C. The IWA requires Respondent to make monthly contributions to various employee benefit funds (the "Funds") at prescribed rates and amounts on behalf of union members. Pet. ¶ 8. The IWA also allows the trustees of the Funds to audit Respondent to ensure compliance with its contribution obligations. *Id.* ¶ 9; Pet., Ex. A Sched. B at 92; Pet., Ex. D ¶ 3(a). Any disputes over such obligations must be resolved

through arbitration, and arbitration can result in an award of unpaid contributions, audit and accounting fees, interest, liquidated damages, and attorneys' fees and costs. Pet. ¶ 11; Pet. Ex. D ¶ 2(b)–(c).[1]

According to the Petition, Respondent failed to make timely monthly contributions to the Funds and became indebted to the Funds. Pet. ¶ 12. Accordingly, pursuant to the IWA's arbitration clause, Petitioners initiated an arbitration proceeding. *Id*. ¶ 13; Pet., Exs. E–F. Respondent appeared in the arbitration and did not dispute that the amounts claimed by the Funds to be due were, in fact, due to the Funds. Pet., Ex. H at 1–2. On March 8, 2024, the arbitrator found that Respondent had failed to make contributions as required under the IWA and awarded Respondent $2,567,819.36, inclusive of interest, late fees, liquidated damages, attorneys' fees and costs, and arbitrator's fees. Pet. ¶ 20; Pet. Ex. H. Petitioner now seeks to confirm the arbitration award.

## DISCUSSION

I.     **The Arbitration Award is Confirmed**

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (citation omitted). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, . . . and the court must grant the award unless

---

[1] The IWA states: "All complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, or any acts, conduct or relations between the parties, directly or indirectly, which shall not have been adjusted by and between the parties involved shall be referred to a permanent umpire(s) to be known as the Impartial Chairperson, and his/her decision shall be final and binding upon the parties hereto." Pet., Ex. A, Art. 26(A).

the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotations omitted).

A court's "review of an arbitration award under the LMRA is . . . 'very limited.'" *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but inquire[s] only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id*. The court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

When a petition to confirm an arbitration award is unopposed, courts treat the petition and accompanying record as an unopposed motion for summary judgment; unless the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law, the petition must be granted. *D.H. Blair & Co.*, 462 F.3d at 109–10. If, however, "the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*." *Id.* at 110 (quotation omitted) (emphasis in original).

Here, the petition to confirm arbitration is unopposed.[2] The undisputed facts show that the arbitrator's award was properly within the scope of his authority. Accordingly, Petitioners' motion is granted, and the award is confirmed.

---

[2] Respondent, whose deadline to oppose the petition was January 2, 2025, has not appeared. Affidavit of Service, Dkt. 6.

**II.     Petitioner is Entitled to Post-Award, Pre-Judgment Interest**

Whether to award pre-judgment interest in an action confirming an arbitration award lies in the district court's discretion, but "there is a general 'presumption in favor of prejudgment interest.'" *Landmark Ventures, Inc. v. InSightec, Ltd.*, 63 F. Supp. 3d 343, 359 (S.D.N.Y. 2014) (quoting *Waterside Ocean Navigation Co., Inc. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984)).  Under New York law, pre-judgment interest runs from the date of the arbitration award until the entry of final judgment.  *Finger Lakes Bottling Co., Inc. v. Coors Brewing Co.*, 748 F. Supp. 2d 286, 292 (S.D.N.Y. 2010) (citing N.Y. C.P.L.R. 5002).  The "common practice" in the Second Circuit is to grant interest at a rate of nine percent per annum, consistent with the statutory rate set in N.Y. C.P.L.R. 5004.  *Landmark Ventures, Inc.*, 63 F. Supp. 3d 343 at 359 (citations omitted). Respondent has not offered any rebuttal to the presumption in favor of pre-judgment interest.  Accordingly, Petitioners' request for pre-judgment interest is granted.

**III.    Petitioner is Entitled to Post-Judgment Interest**

Awards of post-judgment interest pursuant to 28 U.S.C. § 1961(a) "are mandatory." *New York Hotel & Motel Trades Council, AFL-CIO v. Stanford New York*, No. 21-CV-2012, 2021 WL 1851998, at *5 (S.D.N.Y. May 10, 2021).  Accordingly, the Court awards Petitioner interest accruing from the date of judgment until Respondent has satisfied the judgment at the federal rate specified in 28 U.S.C. § 1961(a).

## CONCLUSION

For the foregoing reasons, the petition to confirm the arbitration award is GRANTED. The Court awards judgment to Petitioner in the amount of $2,567,819.36, plus post-award, pre-judgment interest at a rate of nine percent per annum from March 8, 2024, to the date judgment

is entered, and post-judgment interest thereafter at the statutory rate, 28 U.S.C. § 1961, until the judgment is paid.

The Clerk of the Court is respectfully directed to enter judgment in Petitioners' favor and to close this case.

**SO ORDERED.**

Date: March 31, 2025
New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**

5